**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHELE BISTANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:13-cv-2776 |
| RELIANCE STANDARD LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Michele Bistany, hereinafter referred to as "Plaintiff," brings

1.      This ERISA action against Reliance Standard Life Insurance Company, in its capacity as Administrator of the Resource Staffing, Inc. Long Term Disability Plan, hereinafter referred to as "Defendant".  Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant.  Plaintiff is covered under the policy by virtue of her employment with Resource Staffing, Inc.

### PARTIES

2.      Plaintiff is a citizen and resident of Humble, Texas.

3.      Defendant is a properly organized business entity doing business in the State of Texas.

4.      The disability plan at issue in the case at bar was funded and

administered by Defendant.

5.      Defendant is a business entity doing business in the Southern District of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

7.      Venue in the Southern District of Texas is proper by virtue of Defendant doing business in the Southern District of Texas.   Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*)  "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979*). See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D.

Tex. 1993).  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant.  *Varsic*, 607 F.2d at 248."  *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007).  Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*.  Here, Defendant is "found" within the Southern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.     Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective June 1, 2002.

9.     The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Resource Staffing, Inc. at the time of Plaintiff's onset of disability.

10.    Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.    Defendant funds the Plan benefits.

12.    Because the Defendant both funds the plan benefits and retains the sole

authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13.    Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

14.    Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.  However, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013).  Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

15.    Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 28 TAC §§3.1201- 3.1203 (2013) and this Court should review this matter under a *de novo* standard of review.

16.    Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17.    Plaintiff is a 47 year old woman previously employed by Resource Staffing, Inc. as a "Sales Account Representative."

18.    Sales Account Representative is classified under the Dictionary of

Occupational Titles as Light with an SVP of 5 and considered to be semi-skilled work.

19.    Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on October 16, 2008 as Plaintiff suffered from Lyme Disease and fibromyalgia.

20.    Plaintiff alleges that she became disabled on October 16, 2008.

21.    Plaintiff filed for short term disability benefits with Defendant.

22.    Short term disability benefits were granted.

23.    Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

24.    On November 30, 2011, Defendant denied long term disability benefits under the Plan.  Said letter allowed Plaintiff 180 days to appeal this decision.

25.    At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation".

26.    If granted the plan would pay monthly benefit of $2,913.00.

27.    Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

28.    Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

29.    Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

5

30.     On or about October 21, 2011, Defendant's independent consultant, Dr. Arthur Hadley, performed an independent medical evaluation of Plaintiff.

31.     On or about July 13, 2012, Defendant's independent consultant, Thomas E. Lafferty, M.D., rheumatology and internal medicine, performed a paper review of Plaintiff's claim file.

32.     On or about July 13, 2012, Defendant's independent consultant, Michael L. Silverman, M.D., internal medicine and infectious disease, also performed a paper review of Plaintiff's claim file.

33.     On or about August 14, 2012, Defendant's independent consultant, Thomas E. Lafferty, M.D., rheumatology and internal medicine, prepared an addendum to his paper review of Plaintiff's claim file.

34.     On or about August 14, 2012, Defendant's independent consultant, Michael L. Silverman, M.D., rheumatology and internal medicine, also prepared an addendum to his paper review of Plaintiff's claim file.

35.     There is an indication that a "Barbara Finnegan, R.N., CCM," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

36.     There is an indication that a "Dorothy V. McGarry, R.N., BSN, CRRN," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

37.     There is an indication that a "John J. Zurick, M.Ed., LPC. CRC, senior rehabilitation specialist," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

38.     Defendant's consultants completed their reports without examining

6

Plaintiff.

39.     On August 28, 2012, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

40.     Defendant also notified Plaintiff on August 28, 2012 that Plaintiff had exhausted her administrative remedies.

41.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

42.     Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

43.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

44.     Plaintiff suffers from chronic Lyme Disease, fibromyalgia, chronic pain, swelling and aches of the muscles and joints, muscle tension, extreme fatigue, nerve disorders, headaches, chronic neck and back pain, occasional paralysis of facial muscles, sporadic body temperature fluctuations, hormonal fluctuations, chronic nausea, diarrhea, sensitivity to odors, sleep disorders, cognitive difficulties such as concentration, short term memory loss, and long term memory retention.

45.     Treating physicians document continued chronic pain, as well as decreased range of motion and weakness.

46.     Plaintiff's multiple disorders have resulted in restrictions in activity, have

severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

47.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

48.    Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

49.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

50.    However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

51.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

52.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

53.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

54.    As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

55.    However, after exhausting her administrative remedies, Defendant

persists in denying Plaintiff her rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

56.    At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

57.    Defendant's determination was influenced by its conflict of interest.

58.    Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

59.  The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

60.  A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

61.    More information promotes accurate claims assessment,

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

62.    Plaintiff incorporates those allegations contained in paragraphs 1 through 61 as though set forth at length herein

63.    Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.    Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training,

9

or experience would reasonably allow;

b.      Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.      Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d.      Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II:  ATTORNEY FEES AND COSTS

64.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 63 above.

65.     By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.      Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B.      Order Defendant to pay past short term and long term disability benefits retroactive to November 15, 2011 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment

10

interest;

C.      Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan.

D.      Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.      For such other relief as may be deemed just and proper by the Court.

Dated:  Houston, Texas
        September 20, 2013

                              Respectfully submitted,

                              MARC WHITEHEAD & ASSOCIATES,
                              ATTORNEYS AT LAW L.L.P.


                              By:     _/s/ Marc Whitehead_____
                                      Marc S. Whitehead
                                      Tex. Bar No. 00785238
                                      Fed. I.D. No. 15465
                                      Valerie Norwood
                                      Tex. Bar No. 24062921
                                      Fed. I.D. No. 1001660
                                      J. Anthony Vessel
                                      Tex. Bar. No. 24084019
                                      Fed. I.D. No. 1692384
                                      5300 Memorial Drive, Suite 725
                                      Houston, Texas 77007
                                      Telephone: 713-228-8888
                                      Facsimile: 713-225-0940
                                      ATTORNEY-IN-CHARGE
                                      FOR PLAINTIFF,
                                      MICHELE BISTANY

11